1  JOSEPH EHRLICH - #84359
   MARK R. MEYER - #238231
2  Losch & Ehrlich - Attorneys at Law
   425 California Street, Suite 2025
3  San Francisco CA 94104
   Telephone:    (415) 956-8400
4  Facsimile:    (415) 956-2150
   Email:        je@losch-ehrlich.com
5                mm@losch-ehrlich.com

6  Attorneys for Defendants
   Resort Vacations, Inc.;
7  Global Exchange Marketing Corp.;
   Global Exchange Development Corp.; and
8  Global Exchange Vacation Club.

9
                     FEDERAL DISTRICT COURT
10
              FOR THE CENTRAL DISTRCT OF CALIFORNIA
11

12 | MICHELE DEL VALLE, on behalf of herself and | Case No. 30-2014-00745279-CU-MC-CXC
13 | all others similarly situated,

14 |                 Plaintiffs,                 | **NOTICE OF REMOVAL OF CIVIL
                                                 | ACTION BY DEFENDANTS
15 |              v.                             | RESORT VACATIONS, INC.; GLOBAL
                                                 | VACATIONS MARKETING CORP.; and
16 |                                             | GLOBAL EXCHANGE DEVELOPMENT
17 | GLOBAL EXCHANGE VACATION CLUB, a            | CORP.**
   | California corporation;
18 | RESORT VACATIONS, INC., a Nevada            | Complaint Filed:      September 15, 2014
   | corporation;
19 | GLOBAL VACATIONS MARKETING CORP., a
   | Nevada corporation;
20 | GLOBAL EXCHANGE DEVELOPMENT
   | CORP., a Nevada corporation,
21 | and DOES 1 through 100, inclusive,

22 |                 Defendants.

23

24
          TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOT THE CENTRAL
25
   DISTRICT OF CALIFRONIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:
26
          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. 1441, Defendants GLOBAL
27
   VACATIONS MARKETING CORP.; GLOBAL EXCHANGE DEVELOPMENT CORP.; and
28
   RESORT VACATIONS, INC. ("Removing Defendants") each hereby by remove to this Court the

action described below and respectfully submits the following statement of grounds for removal:

### THE SUPERIOR COURT ACTION

1. On September 15, 2014, plaintiff Michelle Del Valle ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Orange entitled *Michelle Del Valle, et al., v. Global Exchange Vacation Club, et al.,* Case No. 30-2014-00745279-CUMC-CXC ("the Superior Court Action").

2. The defendant named in the Superior Court Action included Global Exchange Vacation Club ("GEVC").

3. On October 31, 2016, Plaintiff filed a First Amended Complaint adding new defendants, the Removing Defendants, RESORT VACATIONS, INC.; GLOBAL VACATIONS MARKETING CORP.; and GLOBAL EXCHANGE DEVELOPMENT CORP.

4. On November 2, 2016, Plaintiff served the First Amended Complaint on the new defendants through Removing Defendants agent for service of process. The First Amended Complaint was received by Removing Defendants from the agent on November 4, 2016. The Removing Defendants did not receive a copy of the filed complaint or summons prior to these dates.

5. Attached as **Exhibit A**, is a copy of the First Amended Complaint, naming the Removing Defendants, and other papers served on the Removing Defendants.

6. Attached as **Exhibit B**, is a copy of additional pleadings or orders from the State court docket that have not been served on all of the Removing Defendants.

7. Attached as **Exhibit C**, is a copy of the Civil Cover Sheet to be filed in this Action provided for in Local Civ. Rule 3-1. (Form CV-071)

8. Attached as **Exhibit D**, is a copy of the Notice of Interested Parties as required by Local Civ. Rule 7.1-1

### JURISDICTION

9. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331. It may be removed to this Court by defendant(s) pursuant to the provisions of 28 U.S.C. § 1441(a). The operative complaint includes a claim arising under the laws of the United States as within the meaning of 28 U.S.C. 1331, specifically 47 U.S.C. 227.

1    Accordingly, removal is appropriate under 28 U.S.C. 1441(a) or (c).

2                        CONSENT TO REMOVAL

3    10. All named defendants in the First Amended Complaint, including the Removing Defendants

4        RESORT VACATIONS, INC.; GLOBAL VACATIONS MARKETING CORP.; GLOBAL

5        EXCHANGE DEVELOPMENT CORP., as well as GLOBAL EXCHANGE VACATION

6        CLUB, consent to removal to federal court.

7    11. All other defendant who have been served with Summons and complaint have join in this

8        Notice of Removal.

9                        TIMING OF REMOVAL

10    12. This Notice of Removal is being filed by Removing Defendants within 30 days after receipt

11        by the Removing Defendants of the initial pleading or summons against them.  28 U.S.C.

12        1446 (b)(2)(B) and (b)(2)(C).

13           NOTICE OF REMOVAL TO STATE COURT

14    13. Promptly after filing this Notice of Removal, Removing Defendants intend to provide notice

15        to adverse parties and the State Court of the removal.

16           SIGNED PURSUANT TO RULE 11

17    14. The attorney's signature constitutes a certificate that he or she has read this Notice of

18        Removal; and that to the best of his or her knowledge, based on a reasonable investigation, it

19        is well grounded in fact and is warranted by law.

20

21

22    Dated: December 2, 2016              LOSCH & EHRLICH

23

24                  By: _____

25                    Joseph Ehrlich

26                    Mark R. Meyer
                            Attorneys for Defendant
                            Global Exchange Vacation Club

27

28

# Exhibit A

## CT Corporation

**Service of Process Transmittal**
11/02/2016
CT Log Number 530120217

**TO:** Monica Winston, Director of Admin.
Resort Vacations Inc
30448 Rancho Viejo Rd Ste 150
San Juan Capistrano, CA 92675-1572

**RE:** Process Served in California

**FOR:** Global Exchange Development Corp.  (Domestic State: NV)





**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michele Del Valle, etc., Pltf. vs. Global Exchange Vacation Club, etc., et al., Dfts. // To: Global Exchange Development Corp. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint(s) and Demand(s), Proof of Service, Attachment(s) |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA Case # 30201400745279CUMCCXC |
| **NATURE OF ACTION:** | Plaintiffs has been claimed against defendant for the damages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/02/2016 at 11:22 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | R. Rex Parris Parris Law Firm 43364 10th Street West Lancaster, CA 93534 661-949-2595 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0109590473 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Page 1 of 1 / SG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



*11:22 am*

| | **SUM-100** |
|---|---|
| **SUMMONS** ON FIRST AMENDED COMPLAINT<br>**(CITACION JUDICIAL)** | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** Global Exchange Vacation Club, a California
*(AVISO AL DEMANDADO):* corporation; Resort Vacations, Inc., a Nevada
corporation; Global Vacations Marketing Corp., a Nevada corporation; Global
Exchange Development Corp., a Nevada corporation, and Does 1 through 100,
inclusive,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/31/2016** at 12:25:00 PM

Clerk of the Superior Court
By Justin Mills, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** Michele Del Valle, on behalf of
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* herself and all others
similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>Central Justice Center<br>700 Civic Center Drive West<br>Santa Ana, California 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2014-00746279-CU-MC-CXC<br><br>Judge Thierry Patrick Colaw |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
R. Rex Parris (SBN 96567); Kitty K. Szeto (SBN 258136)           (661) 949-2595          (661) 949-7524
John M. Bickford (SBN 280929); Eric N. Wilson (SBN 291815)
PARRIS LA

DATE: 10/31/2016           an   ALAN CARLSON, Clerk of the Court                *Justin Mills*
43364 10th                                                    Clerk, by
*(Fecha)*                                                     *(Secretari)*

(For proof of service of this summons, use Proof of Service of Summons (form. ... .... ..).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ____ as an individual defendant.
2. ____ as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Global Exchange Development Corp., a Nevada corporation

    under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 11-2-16

---

| | | |
|---|---|---|
| Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Legal
Solutions
Plus

1  R. Rex Parris, (SBN 96567)
   Kitty K. Szeto (SBN 258136)
2  John M. Bickford (SBN 280929)
   Eric N. Wilson (SBN 291815)
3  **PARRIS LAW FIRM**
   43364 10th Street West
4  Lancaster, California 93534
   Telephone:    (661) 949-2595
5  Facsimile:    (661) 949-7524

6  Attorneys for Plaintiff and the Putative Class

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF ORANGE**

10

11 MICHELE DEL VALLE, on behalf of herself and )   Case No. 30-2014-00745279-CU-MC-CXC
   all others similarly situated,                )
12                                                )   [Assigned for All Purposes to the Honorable
                    Plaintiff,                    )   Thierry Patrick Colaw Department CX105]
13                                                )
           v.                                     )   **CLASS ACTION**
14                                                )
   GLOBAL EXCHANGE VACATION CLUB, a )             **FIRST AMENDED CLASS ACTION**
15 California corporation; RESORT VACATIONS, )    **COMPLAINT FOR DAMAGES AND**
   INC., a Nevada corporation; GLOBAL )           **INJUNCTIVE RELIEF PURSUANT TO THE**
16 VACATIONS MARKETING CORP., a Nevada )          **TELEPHONE CONSUMER PROTECTION**
   corporation, GLOBAL EXCHANGE )                 **ACT, 47 U.S.C. § 227 ET SEQ.**
17 DEVELOPMENT, CORP., a Nevada corporation, )
   and DOES 1 through 100, inclusive,             )
18                                                )   **DEMAND FOR JURY TRIAL**
                    Defendants.                   )
19                                                )

20

21

22

23

24

25

26

27

28

---
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MICHELE DEL VALLE on behalf of herself, all other similarly situated, and the general public, files this First Amended Complaint against Defendants GLOBAL EXCHANGE VACATION CLUB, GLOBAL EXCHANGE DEVELOPMENT CORP., RESORT VACATIONS, INC., GLOBAL VACATIONS MARKETING CORP., and DOES 1 through 100, inclusive. Plaintiff's allegations are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION AND NATURE OF ACTION

1. Plaintiff MICHELE DEL VALLE brings this action for statutory damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants GLOBAL EXCHANGE VACATION CLUB, GLOBAL EXCHANGE DEVELOPMENT CORP., RESORT VACATIONS, INC., and GLOBAL VACATIONS MARKETING CORP. in negligently and/or willfully placing calls to Plaintiff's and the class members' cellular telephones without their prior express consent and not for emergency purposes, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2. In 1991, Congress enacted the TCPA in an effort to curb the invasion of privacy faced by everyday Americans who received unwanted calls. In relevant part, the TCPA prohibits the use of an automatic telephone dialing system to call any telephone number assigned to a cellular telephone service absent emergency purposes or the "prior express consent" of the called party.

3. The Federal Communication Commission ("FCC"), the agency empowered to implement the TCPA, mandates that the burden will be on the caller to show it obtained the necessary prior express consent. (In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (2008) 23 F.C.C.R. 559, at ¶ 10; see also *Gutierrez v. Barclays Group* (S.D. Cal. Feb. 9, 2011, No. 10-cv-1012-DMS (BGS)) 2011 WL 579238, at *2.)

4. Additionally, a person or entity can be liable for calls made on its behalf even if that person or entity did not directly dial those calls. (In the matter of Rules and Regulations

1

1   Implementing the Telephone Consumer Protection Act of 1991 (2008) 23 F.C.C.R. 559,

2   at ¶ 13 ["rules generally establish that the party on whose behalf a solicitation is made

3   bears ultimate responsibility for any violations"].)

4   **JURISDICTION AND VENUE**

5.   This class action is brought pursuant to California Code of Civil Procedure section 382.
The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction
limits of the Superior Court and will be established according to proof at trial.   The
amount in controversy for each class representative or putative class member, including
claims for compensatory damages, interest, penalties, and attorneys' fees, is less than
$75,000.

6.   This Court has jurisdiction over this action pursuant to the California Constitution,
Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes
except those given by statute to other courts."   Additionally, the TCPA specifically grants
state courts original jurisdiction over TCPA cases.   (See 47 U.S.C. § 227(b)(3); accord,
*Kaufman v. ACS Systems, Inc.* (2003) 110 Cal.App.4th 886, 896–898.)

7.   This Court has jurisdiction over all defendants because each defendant is either a citizen
of California, has sufficient minimum contacts in California, or otherwise intentionally
avails itself of the California market so as to render the exercise of jurisdiction over it by
the California courts consistent with traditional notions of fair play and substantial
justice.

8.   Venue is proper in this Court because, upon information and belief, Defendants
GLOBAL   EXCHANGE   VACATION   CLUB,   GLOBAL   EXCHANGE
DEVELOPMENT CORP., RESORT VACATIONS, INC., GLOBAL VACATIONS
MARKETING CORP., reside, transact business, or have offices in this county and the
acts and omissions alleged herein took place in this county.

**PARTIES**

9.   Plaintiff MICHELLE DEL VALLE ("Plaintiff") is, and at all times mentioned herein
was, an individual residing in Orange County, in the State of California.   Plaintiff brings

2

1            this action on behalf of herself, all other similarly situated, and the general public.

2    10.    Defendant GLOBAL EXCHANGE VACATION CLUB is a corporation formed under

3            the laws of the State of California, having its principle place of business at 26691 Plaza

4            Suite 100, Mission Viejo, CA 92691. Defendant GLOBAL EXCHANGE VACATION

5            CLUB is a timeshare homeowners association.

6    11.    Defendant GLOBAL EXCHANGE DEVELOPMENT CORP. is a corporation formed

7            under the laws of the State of Nevada, having its principle place of business at 30448

8            Rancho Viejo Road, Suite 150, San Juan Capistrano, CA 92675. Defendant GLOBAL

9            EXCHANGE DEVELOPMENT CORP. is a timeshare development and management

10           corporation that acquires timeshare intervals and then immediately dedicates those

11           intervals to Defendant GLOBAL EXCHANGE VACATION CLUB. Defendant

12           GLOBAL EXCHANGE DEVELOPMENT CORP. maintains the exclusive right to sell

13           the memberships/points in these dedicated timeshare intervals.

14    12.    Defendant RESORT VACATIONS, INC. is a corporation formed under the laws of the

15           of the State of Nevada, having its principle place of business at 30448 Rancho Viejo

16           Road, Suite 150, San Juan Capistrano, CA 92675. Defendant RESORT VACATIONS,

17           INC. is a marketing company with the exclusive right to market Defendant GLOBAL

18           EXCHANGE DEVELOPMENT CORP.'s memberships/points in the timeshares it has

19           dedicated to Defendant GLOBAL EXCHANGE VACATION CLUB. Defendant

20           RESORT VACATIONS, INC. has three DBAs: Travel Media, Sunset Getaways, and

21           Celebration Vacations. Travel Media is used when Defendant RESORT VACATIONS,

22           INC. makes telemarketing calls. Sunset Getaways is used by Defendant RESORT

23           VACATIONS, INC.'s Philippine-based telemarketing vendor InterVoice Technologies

24           when it makes telemarketing calls on behalf of Defendant RESORT VACATIONS,

25           INC.'s behalf. And Celebration Vacations is used by Defendant RESORT

26           VACATIONS, INC.'s Philippine-based telemarketing vendor Marketing Solutions,

27           International when it makes telemarketing calls on behalf of Defendant RESORT

28           VACATIONS, INC.'s behalf.

13.   Defendant GLOBAL VACATIONS MARKETING CORP. is a corporation formed under the laws of the of the State of Nevada, having its principle place of business at 30448 Rancho Viejo Road, Suite 150, San Juan Capistrano, CA 92675.  Defendant GLOBAL VACATIONS MARKETING CORP. is the marketing corporation that had the exclusive right to market Defendant GLOBAL EXCHANGE DEVELOPMENT CORP.'s memberships/points in the timeshares it has dedicated to Defendant GLOBAL EXCHANGE VACATION CLUB prior to Defendant RESORT VACATIONS, INC.

14.   At all times herein relevant, Defendant GLOBAL EXCHANGE VACATION CLUB, GLOBAL EXCHANGE DEVELOPMENT CORP., RESORT VACATIONS, INC., GLOBAL VACATIONS MARKETING CORP., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

15.   Defendants GLOBAL EXCHANGE VACATION CLUB, GLOBAL EXCHANGE DEVELOPMENT CORP., RESORT VACATIONS, INC., GLOBAL VACATIONS MARKETING CORP., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

16.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sued said Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of DOES 1 through 100 when ascertained.  Plaintiff is informed and believe, and based thereon allege, that each of these fictitiously named defendants, participated or acted in concert with Defendants GLOBAL EXCHANGE VACATION CLUB, GLOBAL EXCHANGE DEVELOPMENT CORP., RESORT VACATIONS, INC., GLOBAL VACATIONS

4

1    MARKETING CORP. and are therefore responsible in some manner for the acts,

2    occurrences, and/or omissions alleged herein, and have thereby proximately caused

3    damages to Plaintiff, and are liable to Plaintiff by reason of the facts alleged herein.

4    17.    Plaintiff is informed and believes, and based thereon alleges, that there exists, and at all

5    times herein mentioned there existed, a unity of ownership between the Defendants such

6    that any individuality or separateness between them has ceased and each of them is the

7    alter ego of the others.  Defendants share essentially identical ownership and officers,

8    share the same corporate headquarters, and utilize the services of the same employees.

9    Adherence to the fiction of the separate existence of Defendants, and each of them, would,

10   under the circumstances, sanction fraud and/or promote injustice.

11   **FACTUAL ALLEGATIONS**

12   18.    Within four years prior to the filing of this action, Defendants contracted with Philippine-

13   based telemarketing vendors InterVoice Technologies and Marketing Solutions,

14   International to use equipment to dial the cellular telephone numbers of potential

15   customers, including Plaintiff, in order to invite them to a sales presentation on vacation

16   timeshares.

17   19.    On information and belief and investigation of counsel, the equipment used by InterVoice

18   Technologies and Marketing Solutions, International to place such calls had the capacity

19   to store or produce telephone numbers and to dial such numbers without any human

20   intervention—i.e., an "automatic telephone dialing system—as prohibited by 47 U.S.C. §

21   227(b)(1)(A).

22   20.    These calls were for the purpose of marketing telemarking timeshare vacations and were

23   not for emergency purposes as set forth in 47 U.S.C. § 227(b)(1)(A).

24   21.    Plaintiff and the class members did not provide "prior express consent" to receive these

25   calls on their cellular telephone as required by 47 U.S.C. § 227(b)(1)(A).  In fact, before

26   receiving these calls, Plaintiff had never heard of Defendants, and has no idea how

27   Defendants obtained her cellular telephone number.

28   ////

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

22. Plaintiff and the class members have incurred charges for these calls because the FCC has made clear that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  (In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (2008) 23 F.C.C.R. 559, at ¶ 7.)

### CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.

24. The proposed class is defined as follows:

> All persons within the United States to whom InterVoice Technologies and Marketing Solutions, International have placed a call to said persons' cellular telephone (without their prior express consent and not for emergency purposes) through the use of an automatic telephone dialing system for the purpose of marketing Defendants' timeshares from September 15, 2010 to the present.

25. Excluded from the class are Defendants and any other entities in which Defendants have a controlling interests, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

26. In addition, or in the alternative, to the above-defined class, Plaintiff reserves the right to establish subclasses as appropriate to facilitate the effective management of the class; however, Plaintiff is informed and believe, and based thereon allege, that the class as defined above is both objectively and easily identifiable through Defendants' business records.

27. Plaintiff reserves the right to establish subclasses as appropriate.

28. The class is ascertainable and there is a well-defined community of interest in the litigation:

////

6

a.  The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be ninety-nine (99) individuals or greater and the identity of such membership is readily ascertainable by inspection of Defendants' business records.

b.  Plaintiff's claims are typical of all other class members' as demonstrated herein. Defendants have the same obligations to Plaintiff and the class with respect to when calls may be lawfully placed to cellular telephones. Furthermore, Plaintiff is informed and believes, and based thereon alleges, that the nature of the damages and their causation will be the same for Plaintiff and the other class members.

c.  Plaintiff will fairly and adequately represent and protect the interests of the class because: (1) Plaintiff has retained experienced litigation counsel with significant experience in class action litigation and counsel will adequately represent the interests of the class; (2) Plaintiff and her counsel are aware of no conflicts of interests between Plaintiff and absent class members; and (3) Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this action; and

d.  Plaintiff is informed and believe, and based thereon alleges, that a class action provides a fair and efficient method of adjudicating this controversy and is superior to other available methods of adjudication in that (1) neither the size of the class, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (2) the prosecution of separate actions by individual class members or the individual joinders of all class members in this action is impracticable, and would create a massive and unnecessary burden on the resources of the courts, and could result in inconsistent adjurations, while a single class action can determine, with judicial economy, the rights of each member of the class; (3) because of the disparity of

7

1  resources available to Defendants verses those available to individual class

2  members, prosecution of separate actions would work a financial hardship on

3  many class members; (4) there is no plain, speedy, or adequate remedy available

4  to class members other than by maintenance of this class action because the

5  damages to each class member is relatively modest compared to the costs of

6  litigating the issues in this action, making it economically unfeasible to pursue

7  remedies other than in a class action; and (5) the conduct of this action as a class

8  action conserves the resources of the parties and the court system and protects

9  the rights of each members of the class and meets all due process requirements as

10  to fairness to all parties.  A class action is also superior to the maintenance of

11  these claims on a claim by claim basis because all of the claims arise out of the

12  same circumstances and course of conduct.

13  29.   There are common questions of law and fact as to the class members that predominate

14  over questions affecting only individual members.  The following common questions of

15  law or fact, among others, exists as to the members of the class:

16  a.   whether InterVoice Technologies and Marketing Solutions, International made

17      non-emergency calls to Plaintiff's and the class members' cellular telephones

18      using an automatic telephone dialing system;

19  b.   whether Defendants can meet their burden of showing they obtained prior

20      express consent—i.e., consent that is clearly and unmistakably stated;

21  c.   whether Defendants' conduct was knowing and/or willful;

22  d.   whether Defendants are liability for damages, and the amount of such damages;

23      and

24  e.   whether Defendants should be enjoined from engaging in such conduct in the

25      future.

26  ////

27  ////

28  ////

8

**FIRST CAUSE OF ACTION**
**(Negligent Violations of the TCPA)**
**(Against Defendants and DOES 1 through 100)**

30.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29, and each and every part thereof with the same force and effect as though fully set forth herein.

31.   The forgoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

32.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the class members are entitled to statutory damages of $500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33.   Plaintiff and the class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, 47 U.S.C. § 227(b)(3)(A).

34.   Plaintiff and the class members are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Knowing and/or Willful Violations of the TCPA)**
**(Against Defendants and DOES 1 through 100)**

35.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34, and each and every part thereof with the same force and effect as though fully set forth herein.

36.   The forgoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the class members are entitled to treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

38.   Plaintiff and the class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, 47 U.S.C. § 227(b)(3)(A).

////

9

39.     Plaintiff and the class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

A.     An order, pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed class and appointing Plaintiffs' undersigned counsel of record to represent the class;

B.     An order issuing an injunction, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from placing any further prohibited calls to class members;

C.     As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seek for herself and each class member $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

D.     As a result of Defendants' willful and/or knowing violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C);

E.     For reasonable attorneys' fees and costs of suit incurred herein; and

For such other and further relief as the court may deem just and proper.

Date: October 28, 2016                          PARRIS LAW FIRM

By: _____
                                                R. Rex Parris
                                                John M. Bickford

                                                Attorneys for Plaintiff and
                                                the Putative Class

10

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff, individually and on behalf of other members of the general public similarly situated,

3

hereby demands a trial by a jury.

4

5

Date:  October 28, 2016                                        **PARRIS LAW FIRM**

6

7

By: *John Bickford*

8

R. Rex Parris
John M. Bickford

9

Attorneys for Plaintiff and
the Putative Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

# Exhibit B

**CT Corporation**




**Service of Process Transmittal**
09/17/2014
CT Log Number 525716812

TO:     Monica Winston, Director of Admin.
        Global Vacations Marketing Corp.
        26691 Plaza Drive, Suite 100
        Mission Viejo, CA 92691

RE:     **Process Served in California**

FOR:    Global Exchange Vacation Club (Domestic State: CA)

RECEIVED
SEP 2 2 2014
BY:_____

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michele Del Valle, etc., Pltf. vs. Global Exchange Vacation Club, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Cover Sheet, Attachment |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201400745279CUMCCXC |
| **NATURE OF ACTION:** | Class Action Complaint for Damages and Injunctive Relief pursuant to the Telephone Consumer Act has been served in the matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/17/2014 at 15:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | R. Rex Parris<br>R. Rex Parris Law Firm<br>43364 10th Street West<br>Lancaster, CA 93534<br>661-949-2595 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 771199553328 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

09/17/2014 WED 13:37  FAX 661 255 7484 Team Legal Inc.                                    ☒002/021

## SUMMONS
### (CITACION JUDICIAL)

| | SUM-100 |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Global Exchange Vacation Club, a California corporation; and Does 1 through
100, inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
09/16/2014 at 02:19:41 PM
Clerk of the Superior Court
By Irma Cook,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Michele Del Valle, on behalf of herself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Service Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>~~Central Justice Center~~<br>~~700 Wickenden Drive West~~<br>Santa Ana, California 92701 | Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, Ca. 92701 | CASE NUMBER<br>*(Número):* 30-2014-00745279-CU-MC-CXC<br><br>Judge Steven L. Perk |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
R. Rex Parris, Esq. (SBN 96567)                                       (661) 949-2595       (661) 949-7524
Alexander R. Wheeler, Esq. (SBN 239541); Kitty Szeto, Esq. (SBN 258136); John M. Bickford, Esq. (SBN 280929)
R. REX PARRIS LAW FIRM
43364 10th Street West, Lancaster, California 93534

| DATE: 09/16/2014<br>*(Fecha)* | Alan Carlson | Clerk, by<br>*(Secretario)* | *[signature]* Irma Cook | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): GLOBAL EXCHANGE VACATION CLUB,
    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other (specify):
4. ☑ by personal delivery on (date): 9/17/14  3:06 pm

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>Legal<br>Solutions<br>⊕ Plus |
|---|---|---|

09/17/2014 WED 13:37   FAX 661 255 7484 Team Legal Inc.                    Ø003/021

1  R. Rex Parris, Esq. (SBN 96567)
   Alexander R. Wheeler, Esq. (SBN 239541)
2  Kitty Szeto, Esq. (SBN 258136)
   John M. Bickford, Esq. (SBN 280929)
3  R. REX PARRIS LAW FIRM
   43364 10th Street West
4  Lancaster, California 93534
   Telephone:    (661) 949-2595
5  Facsimile:    (661) 949-7524

6  Attorneys for Plaintiff and the Putative Class

7

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
09/15/2014 at 02:19:41 PM
Clerk of the Superior Court
By Irma Cook,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

10 | MICHELE DEL VALLE, on behalf of    | Case No.   30-2014-00745279-CU-MC-CXC
   | herself and all others similarly situated, |   Judge Steven L. Perk
11 |                                    |
   |                 Plaintiff,         | CLASS ACTION
12 |                                    |
   |         v.                         | CLASS ACTION COMPLAINT FOR
13 |                                    | DAMAGES AND INJUNCTIVE RELIEF
   | GLOBAL   EXCHANGE   VACATION       | PURSUANT TO THE TELEPHONE
14 | CLUB, a California corporation; and | CONSUMER PROTECTION ACT, 47 U.S.C.
   | DOES 1 through 100, inclusive,      | § 227 ET SEQ.
15 |                                    |
   |                 Defendants.        | DEMAND FOR JURY TRIAL
16

17

18

19

20

21

22

23

24

25

26

27

28

09/17/2014  WED 13:37  FAX 661 255 7484 Team Legal Inc.                    @004/021

1   Plaintiff MICHELE DEL VALLE on behalf of herself, all other similarly situated, and the
2   general public, files this Complaint against Defendant GLOBAL EXCHANGE VACATION CLUB,
3   and DOES 1 through 100, inclusive.  Plaintiff's allegations are based upon information and belief and
4   upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff,
5   which are based upon Plaintiff's personal knowledge.

6   ### INTRODUCTION AND NATURE OF ACTION

7   1.      Plaintiff MICHELE DEL VALLE brings this action for statutory damages, injunctive
8   relief, and any other available legal or equitable remedies, resulting from the illegal actions of
9   Defendant GLOBAL EXCHANGE VACATION CLUB in negligently and/or willfully placing calls
10  to Plaintiff's and the class members' cellular telephones without their prior express consent and not
11  for emergency purposes, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et
12  seq. ("TCPA").

13  2.      In 1991, Congress enacted the TCPA in an effort to curb the invasion of privacy faced
14  by everyday Americans who received unwanted calls.  In relevant part, the TCPA prohibits the use of
15  an automatic telephone dialing system to call any telephone number assigned to a cellular telephone
16  service absent emergency purposes or the "prior express consent" of the called party.

17  3.      The Federal Communication Commission ("FCC"), the agency empowered to
18  implement the TCPA, mandates that the burden will be on the caller to show it obtained the necessary
19  prior express consent.  (In the matter of Rules and Regulations Implementing the Telephone
20  Consumer Protection Act of 1991 (2008) 23 F.C.C.R. 559, at ¶ 10; see also *Gutierrez v. Barclays*
21  *Group* (S.D. Cal. Feb. 9, 2011, No. 10-cv-1012-DMS (BGS)) 2011 WL 579238, at *2.)

22  4.      Additionally, a person or entity can be liable for calls made on its behalf even if that
23  person or entity did not directly dial those calls.  (In the matter of Rules and Regulations
24  Implementing the Telephone Consumer Protection Act of 1991 (2008) 23 F.C.C.R. 559, at ¶ 13
25  ["rules generally establish that the party on whose behalf a solicitation is made bears ultimate
26  responsibility for any violations"].)

27  ////
28  ////

1

## JURISDICTION AND VENUE

5. This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative or putative class member, including claims for compensatory damages, interest, penalties, and attorneys' fees, is less than $75,000.

6. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." Additionally, the TCPA specifically grants state courts original jurisdiction over TCPA cases. (See 47 U.S.C. § 227(b)(3); accord, *Kaufman v. ACS Systems, Inc.* (2003) 110 Cal.App.4th 886, 896-898.)

7. This Court has jurisdiction over all defendants because each defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in this Court because, upon information and belief, Defendant GLOBAL EXCHANGE VACATION CLUB resides, transacts business, or has offices in this county and the acts and omissions alleged herein took place in this county.

## PARTIES

9. Plaintiff MICHELLE DEL VALLE ("Plaintiff") is, and at all times mentioned herein was, an individual residing in Orange County, in the State of California. Plaintiff brings this action on behalf of herself, all other similarly situated, and the general public.

10. Defendant GLOBAL EXCHANGE VACATION CLUB is a corporation formed under the laws of the State of California, having its principle place of business at 26691 Plaza Suite 100, Mission Viejo, CA 92691.

11. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sued said Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of DOES 1 through 100

2

09/17/2014 WED 13:37   FAX 661 255 7484 Team Legal Inc.                    @006/021

1  when ascertained.  Plaintiff is informed and believe, and based thereon allege, that each of these
2  fictitiously named defendants, participated or acted in concert with Defendant GLOBAL
3  EXCHANGE VACATION CLUB and are therefore responsible in some manner for the acts,
4  occurances, and/or omissions alleged herein, and have thereby proximately caused damages to
5  Plaintiff, and are liable to Plaintiff by reason of the facts alleged herein.

6       12.     At all times herein relevant, Defendant GLOBAL EXCHANGE VACATION CLUB,
7  and DOES 1 through 100, and each of them, were the agents, partners, joint venturers,
8  representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the
9  other, and at all times relevant hereto were acting within the course and scope of their authority as
10  such agents, partners, joint venturers, representatives, servants, employees, successors, co-
11  conspirators and assigns, and that all acts or omissions alleged herein were duly committed with the
12  ratification, knowledge, permission, encouragement, authorization and consent of each defendant
13  designated herein.

14       13.     Defendant GLOBAL EXCHANGE VACATION CLUB and DOES 1 through 100 will
15  hereinafter collectively be referred to as "Defendants."

16                              **FACTUAL ALLEGATIONS**

17       14.     Within four years prior to the filing of this action, Defendants—whether directly,
18  through affiliated marketers, or otherwise—used equipment to dial the cellular telephone numbers of
19  potential customers, including Plaintiff, in order to invite them to a sales presentation on vacation
20  timeshares.

21       15.     On information and belief and investigation of counsel, the equipment used by
22  Defendants to place such calls had the capacity to store or produce telephone numbers and to dial
23  such numbers without any human intervention—i.e., an "automatic telephone dialing system—as
24  prohibited by 47 U.S.C. § 227(b)(1)(A).

25       16.     These calls were for the purpose of telemarking timeshare vacations and were not for
26  emergency purposes as set forth in 47 U.S.C. § 227(b)(1)(A).

27       17.     Plaintiff and the class members did not provide "prior express consent" to receive
28  these calls on their cellular telephone as required by 47 U.S.C. § 227(b)(1)(A).  In fact, before

                                         3

1    receiving these calls, Plaintiff had never heard of Defendant GLOBAL EXCHANGE VACATION

2    CLUB, and has no idea how Defendants obtained her cellular telephone number.

3         18.    Plaintiff and the class members have incurred charges for these calls because the FCC

4    has made clear that "wireless customers are charged for incoming calls whether they pay in advance

5    or after the minutes are used."  (In the matter of Rules and Regulations Implementing the Telephone

6    Consumer Protection Act of 1991 (2008) 23 F.C.C.R. 559, at ¶ 7.)

7                              **CLASS ACTION ALLEGATIONS**

8         19.    Plaintiff brings this action on her own behalf and on behalf of all other members of the

9    general public similarly situated, and thus, seeks class certification under Code of Civil Procedure

10   section 382.

11        20.    The proposed class is defined as follows:

12               All persons within the United States to whom Defendants have placed a call

13               to said persons' cellular telephone (without their prior express consent and

14               not for emergency purposes) through the use of an automatic telephone

15               dialing system within four years prior to the filing of this complaint.

16        21.    Excluded from the class are Defendants and any other entities in which Defendants

17   have a controlling interests, Defendants' agents and employees, the Judge to whom this action is

18   assigned and any member of the Judge's staff and immediate family.

19        22.    In addition, or in the alternative, to the above-defined class, Plaintiff reserves the right

20   to establish subclasses as appropriate to facilitate the effective management of the class; however,

21   Plaintiff is informed and believe, and based thereon allege, that the class as defined above is both

22   objectively and easily identifiable through Defendants' business records.

23        23.    Plaintiff reserves the right to establish subclasses as appropriate.

24        24.    The class is ascertainable and there is a well-defined community of interest in the

25   litigation:

26               a.    The class members are so numerous that joinder of all class members is

27                     impracticable.  The membership of the entire class is unknown to Plaintiff at

28                     this time; however, the class is estimated to be ninety-nine (99) individuals or

                                              4

09/17/2014 WED 13:38   FAX 661 255 7484 Team Legal Inc.                                    ☐008/021

greater and the identity of such membership is readily ascertainable by inspection of Defendants' business records.

b.   Plaintiff's claims are typical of all other class members' as demonstrated herein. Defendants have the same obligations to Plaintiff and the class with respect to when calls may be lawfully placed to cellular telephones. Furthermore, Plaintiff is informed and believes, and based thereon alleges, that the nature of the damages and their causation will be the same for Plaintiff and the other class members.

a)   Plaintiff will fairly and adequately represent and protect the interests of the class because: (1) Plaintiff has retained experienced litigation counsel with significant experience in class action litigation and counsel will adequately represent the interests of the class; (2) Plaintiff and her counsel are aware of no conflicts of interests between Plaintiff and absent class members; and (3) Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this action; and

c.   Plaintiff is informed and believe, and based thereon alleges, that a class action provides a fair and efficient method of adjudicating this controversy and is superior to other available methods of adjudication in that (1) neither the size of the class, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (2) the prosecution of separate actions by individual class members or the individual joinders of all class members in this action is impracticable, and would create a massive and unnecessary burden on the resources of the courts, and could result in inconsistent adjurations, while a single class action can determine, with judicial economy, the rights of each member of the class; (3) because of the disparity of resources available to Defendants verses those available to individual class members, prosecution of separate actions would work a financial hardship on many class members; (4) there is no plain, speedy, or

5

09/17/2014 WED 13:38  FAX 661 255 7484  Team Legal Inc.                    ☒009/021

adequate remedy available to class members other than by maintenance of this class action because the damages to each class member is relatively modest compared to the costs of litigating the issues in this action, making it economically unfeasible to pursue remedies other than in a class action; and (5) the conduct of this action as a class action conserves the resources of the parties and the court system and protects the rights of each members of the class and meets all due process requirements as to fairness to all parties. A class action is also superior to the maintenance of these claims on a claim by claim basis because all of the claims arise out of the same circumstances and course of conduct.

25.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exists as to the members of the class:

a.    whether Defendants made non-emergency calls to Plaintiff's and the class members' cellular telephones using an automatic telephone dialing system;

b.    whether Defendants can meet their burden of showing they obtained prior express consent—i.e., consent that is clearly and unmistakably stated;

c.    whether Defendants' conduct was knowing and/or willful;

d.    whether Defendants are liability for damages, and the amount of such damages; and

e.    whether Defendant should be enjoined from engaging in such conduct in the future.

### FIRST CAUSE OF ACTION
#### (Negligent Violations of the TCPA)
**(Against Defendant GLOBAL EXCHANGE VACATION CLUB and DOES 1 through 100)**

26.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25, and each and every part thereof with the same force and effect as though fully set forth herein.

////
////

6

09/17/2014 WED 13:38  FAX 661 255 7484 Team Legal Inc.                                                    @010/021

1      27.    The forgoing acts and omissions of Defendants constitutes numerous and multiple

2   negligent violations of the TCPA, including, but not limited to, each and every one of the above-cited

3   provisions of 47 U.S.C. § 227 et seq.

4      28.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and

5   the class members are entitled to statutory damages of $500 for each and every violation, pursuant to

6   47 U.S.C. § 227(b)(3)(B).

7      29.    Plaintiff and the class members are also entitled to and seek injunctive relief

8   prohibiting such conduct in the future, 47 U.S.C. § 227(b)(3)(A).

9      30.    Plaintiff and the class members are also entitled to an award of attorneys' fees and

10  costs.

11                               **SECOND CAUSE OF ACTION**
                          (Knowing and/or Willful Violations of the TCPA)
12    (Against Defendant GLOBAL EXCHANGE VACATION CLUB and DOES 1 through 100)

13     31.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

14  30, and each and every part thereof with the same force and effect as though fully set forth herein.

15     32.    The forgoing acts and omissions of Defendants constitutes numerous and multiple

16  knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of

17  the above-cited provisions of 47 U.S.C. § 227 et seq.

18     33.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and

19  the class members are entitled to treble damages, as provided by statute, up to $1,500 for each and

20  every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

21     34.    Plaintiff and the class members are also entitled to and seek injunctive relief

22  prohibiting such conduct in the future, 47 U.S.C. § 227(b)(3)(A).

23     35.    Plaintiff and the class members are also entitled to an award of attorneys' fees and

24  costs.

25                                **PRAYER FOR RELIEF**

26     WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public

27  similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

28  ////

7

COMPLAINT AND DEMAND FOR JURY TRIAL

09/17/2014 WED 13:38  FAX 661 295 7484 Team Legal Inc.                    ☒011/021

A.   An order, pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed class and appointing Plaintiffs' undersigned counsel of record to represent the class;

B.   An order issuing an injunction, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant GLOBAL EXCHANGE VACATION CLUB from placing any further prohibited calls to class members;

C.   As a result of Defendant GLOBAL EXCHANGE VACATION CLUB's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seek for herself and each class member $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

D.   As a result of Defendant GLOBAL EXCHANGE VACATION CLUB's willful and/or knowing violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C);

E.   For reasonable attorneys' fees and costs of suit incurred herein; and

F.   For such other and further relief as the court may deem just and proper.

Dated: September 11, 2014                    R. REX PARRIS LAW FIRM

                              By:   _John Bickford_____
                                    John M. Bickford, Esq.
                                    Attorneys for Plaintiff and the Putative Class

8

09/17/2014 WED 13:38   FAX 661 255 7484 Team Legal Inc.                    ☑012/021

1
## DEMAND FOR JURY TRIAL

2        Plaintiff, individually and on behalf of other members of the general public similarly situated,

3   hereby demands a trial by a jury.

4

5   Dated: September 11, 2014                    R. REX PARRIS LAW FIRM

6

7                                      By:      _John Bickford_

8                                             John M. Bickford, Esq.
                                              Attorneys for Plaintiff and the Putative Class
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| R. Rex Parris, Esq. (SBN 96567); Alexander R. Wheeler, Esq. (SBN 239541) Kitty Szeto, Esq. (SBN 258136); John M. Bickford, Esq. (SBN 280929) R. REX PARRIS LAW FIRM 43364 10th Street West Lancaster, California 93534 | **ELECTRONICALLY FILED** Superior Court of California, County of Orange **09/16/2014** at 02:10:41 PM Clerk of the Superior Court By Inna Cook, Deputy Clerk |

TELEPHONE NO.:  (661) 949-2595   FAX NO.:  (661) 949-7524
ATTORNEY FOR (Name):  Plaintiff Michele Del Valle

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS:  700 Civic Center Drive West
MAILING ADDRESS:  Same
CITY AND ZIP CODE:  Santa Ana, California 92701
BRANCH NAME:  Central Justice Center

CASE NAME:  Michele Del Valle v. Global Exchange Vacation Club, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2014-00746279-CU-MC-CXC |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Steven L. Perk    DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [X] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [X] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action (specify):  Two (2)

**5.** This case [X] is   [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:  September 11, 2014

John M. Bickford, Esq.
_____
(TYPE OR PRINT NAME)         ▶      *John Bickford*        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal Solutions Plus

09/17/2014 WED 13:39   FAX 661 255 7484 Team Legal Inc.                    @014/021



# You Don't Have to Sue

## Here Are Some Other Ways to Resolve a Civil Dispute

Presented by the
Judicial Council of California
and the
State Bar of California

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- ADR can save money. Court costs, attorneys fees, and expert fees can be saved.

- ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

2

09/17/2014 WED 13:39   FAX 661 255 7484 Team Legal Inc.                                     Ø016/021

- ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be

3

effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### • MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Media-

4

09/17/2014 WED 13:39   FAX 661 255 7484 Team Legal Inc.                              @018/021

tion also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.


- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

# Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are

6

09/17/2014 WED 13:39   FAX 661 255 7494 Team Legal Inc.                                    ⊠020/021

most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

• Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210, or

• Contact the local bar association, or

• Look in the Yellow Pages under "Arbitrators" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

09/17/2014 WED 13:40   FAX 661 255 7484   Team Legal Inc.                                    @021/021

March 1998

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**11/29/2016** at 01:42:00 PM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

1  JOSEPH EHRLICH - #84359
   MARK R. MEYER - #238231
2  Losch & Ehrlich - Attorneys at Law
   425 California Street, Suite 2025
3  San Francisco CA 94104
   Telephone:      (415) 956-8400
4  Facsimile:      (415) 956-2150
   Email:      je@losch-ehrlich.com
5              mm@losch-ehrlich.com

6  Attorneys for Defendant
   Global Exchange Vacation Club

7

8

9               SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF ORANGE

11

12  MICHELE DEL VALLE, on behalf of herself and    Case No. 30-2014-00745279-CU-MC-CXC
    all others similarly situated,
13
                                                    **ANSWER TO FIRST AMENDED**
14             Plaintiffs,                          **COMPLAINT**

15         v.                                       Complaint Filed:      September 15, 2014

16  GLOBAL EXCHANGE VACATION CLUB, a
    California corporation; and DOES 1 through 100,
17  inclusive,

18             Defendants.

19

20

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1    Defendant Global Exchange Vacation Club (hereafter "Responding Party") Answers the First

2    Amended Complaint ("Complaint") of Plaintiff Michele Del Valle (hereafter "Complaining Party")

3    as follows.

4                              **GENERAL DENIAL**

5    Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Responding Party

6    denies, generally and specifically, each and every allegation contained in Complaining Party's

7    unverified Complaint, and the whole thereof, and further denies that, as a proximate result of any

8    conduct or omission on the part of Responding Party, Complaining Party has been injured or

9    damaged in the sum or sums alleged, or at all.

10                            **AFFIRMATIVE DEFENSES**

11   **First Affirmative Defense. Failure to State a Claim.**

12   **Second Affirmative Defense. Failure to Join Necessary Parties.** Complaining Party has

13   alleged or otherwise asserted that Responding Party is responsible for the conduct of third parties in

14   making calls. On information and belief, Complaining Party's complaint is based upon calls

15   received from third parties. These unidentified third parties are liable for any damage or injuries

16   suffered by Complaining Party and are necessary parties to this action both to conduct discovery and

17   to resolve all causes of action arising out of the transaction or occurrences alleged in the Complaint.

18   Failure to join any of the persons who allegedly called Complaining Party creates a substantial risk

19   of double or inconsistent obligations between Complaining Party, Responding Party, and the alleged

20   third parties in which Complaining Party may seek relief based upon the same conduct in multiple

21   suits or a third party will not be bound by facts found in this action. (See, e.g., *Baker & Hamilton v.*

22   *Lambert* (1907) 5 Cal.App. 708, 709 [91 P. 340, 340].)

23   **Third Affirmative Defense. Unclean Hands and Doctrine of Equity.** Complaining Party

24   has willfully engaged in inequitable and wrongful conduct in connection with the matters alleged by

25   Complaining Party and failed to do equity. Responding Party is informed and believes that

26   Complaining Party sought out opportunities to bring litigation and Complaining Party asked and

27   invited marketing calls by providing her phone number in connection with raffles, give-a-ways, or

28   other marketing media. Responding Party is informed and believes that Complaining Party provided

1   information in response to surveys to encourage companies to call her.  Specifically, Complaining

2   Party provided her phone number at a Gordon Lightfoot concert in September 2014 in an effort to be

3   placed on a list of phone numbers to be called by Responding Party.  On information and belief,

4   Complaining Party has provided her phone number in other situations in the hope and expectation

5   that she would be called.  Complaining Party had made multiple claims regarding the same phone

6   calls with the intent to collect more than once for the same phone calls from different defendants.

7   Responding Party is informed and believes that Complaining Party initiated contact and consented to

8   being called, including consent as provided in 47 USC 227(b) and the Regulations and Orders

9   regarding the same.

10         **Fourth Affirmative Defense.  Laches and Statute of Limitations.** The Complaint is

11   barred, in whole or in part, by the doctrine of laches or the applicable statute of limitations as set

12   forth in Code of Civil Procedure section 338(a), section 343, and 28 USC § 1658(a).

13         **Fifth Affirmative Defense.  Cause of Action Not Accrued.**  The cause of action did not

14   accrue as of the date of the commencement of this action.

15         **Sixth Affirmative Defense.  Voluntary Conduct, Consent, and Waiver**.  Complaining

16   Party voluntarily and knowingly entered into and engaged in the conduct alleged in the complaint

17   and voluntarily and knowingly consented to all conduct alleged in the complaint.  Responding Party

18   is informed and believes that Complaining Party sought out opportunities to bring litigation and

19   Complaining Party asked and invited marketing calls.  Responding Party is informed and believes

20   that Complaining Party provided information in response to surveys to encourage companies to call

21   her.  Specifically, Complaining Party provided her phone number at a Gordon Lightfoot concert on

22   September 30, 2014 in an effort to be placed on a list of phone numbers to be called by Responding

23   Party.  On information and belief, Complaining Party has provided her phone number in other

24   situations in the hope and expectation that she would be called.  Responding Party is informed and

25   believes that Complaining Party initiated contact and consented to being called, including consent as

26   provided in 47 USC 227(b) and the Regulations and Orders regarding the same.

27         **Seventh Affirmative Defense.  Estoppel**.  Responding Party is informed and believes that

28   Complaining Party sought out opportunities to bring litigation and Complaining Party asked and

1   invited marketing calls.  Responding Party is informed and believes that Complaining Party provided

2   information in response to surveys to encourage companies to call her.  Specifically, Complaining

3   Party provided her phone number at a Gordon Lightfoot concert in September 2014 in an effort to be

4   placed on a list of phone numbers to be called by Responding Party.  On information and belief,

5   Complaining Party has provided her phone number in other situations in the hope and expectation

6   that she would be called.  Accordingly, Complaining Party is estopped from asserting the claims

7   made in the complaint.

8   **Eighth Affirmative Defense.  Good Faith.**  Responding Party or the persons Complaining

9   Party alleges called her or are responsible for calling her acted in good faith belief based on facts

10   known or reasonably known.  Persons acted with due care to implement practices and procedures to

11   prevent solicitations in violation of regulations.  Resort Vacations, Inc. only makes phone calls to

12   numbers that are obtained when a potential customer provides their phone numbers for the purpose

13   of being contacted.  Before Resort Vacations, Inc. obtains a potential customer's phone number, the

14   potential customer is presented with a set of terms and conditions, including a statement that the

15   potential customer agrees to be contacted by phone.  Only after the consent is obtained does Resort

16   Vacations, Inc. ask for the phone number of the potential customer.  Resort Vacations, Inc. has a

17   policy of never contacting potential clients using a prerecorded voice.  Resort Vacations, Inc. has a

18   policy of never contacting potential clients using an automatic dialer.  Resort Vacations, Inc. does

19   not control the manner, means, or persons called by third party contractors.

20   **Ninth Affirmative Defense.  Contributory or Comparative Negligence or Fault.**

21   Responding Party alleges Complaining Party and other persons' carelessness, negligence, or other

22   wrongful conduct caused or contributed to any incident, injuries, loss, or damages complained of, if

23   any, and such acts or omissions bar or reduce Responding Party's liability.  Complaining Party has

24   alleged or otherwise asserted that Responding Party is responsible for the conduct of third parties in

25   making calls.  Complaining Party provided her phone number under circumstances that she should

26   have known would lead these persons receiving her number to believe she had consented to being

27   called on her cellular phone.  Responding Party is informed and believes that it directly instructed

28   other persons that it has a contractual relationship with to not make any calls to phone numbers

1  associated with Complaining Party in this action.  In the event that Complaining Party was in fact

2  called by these persons or that Responding Party may be liable for the conduct of these persons,

3  these additional persons are responsible for any harm to Complaining Party and any damages or fault

4  must be allocated between the persons.

5      **Tenth Affirmative Defense.  Indemnification.**  Responding Party alleges that Complaining

6  Party and other persons—whether or not parties to this action—carelessly, negligently, or

7  intentionally proximately caused or contributed to the happening of the injury, loss, or damages

8  complained of, if any, and any damages awarded must be apportioned among such persons or

9  entities, whether or not they are parties, in proportion to any amount attributable to such other

10  persons or entities.  Complaining Party has alleged or otherwise asserted that Responding Party is

11  responsible for the conduct of third parties in making calls.  Complaining Party provided her phone

12  number under circumstances that she should have known would lead these persons receiving her

13  number to believe she had consented to being called on her cellular phone.  Responding Party is

14  informed and believes that it directly instructed other persons that it has a contractual relationship

15  with to not make any calls to phone numbers associated with Complaining Party in this action.  In

16  the event that Complaining Party was in fact called by these persons or that Responding Party may

17  be liable for the conduct of these persons, these additional persons are contractually and equitably

18  responsible for any harm to Complaining Party and any damages or fault must be allocated between

19  the persons.

20      **Eleventh Affirmative Defense.  Settlement, Release, and Res Judicata.**  Responding Party

21  alleges the Complaint and each cause of action set forth therein is barred on the ground that

22  Complaining Party settled or released the claims asserted.  Complaining Party has entered into a

23  settlement in a separate action and dismissed claims covering the same phone calls alleged in this

24  Complaint.

25      **Twelfth Affirmative Defense.  Unauthorized Conduct.**  Responding Party alleges the

26  Complaint and each cause of action is barred on the ground that the acts complained of were

27  performed by a person without the authority to act on behalf of Responding Party.

28      **Thirteenth Affirmative Defense.  Independent Contractor.**  Responding Party alleges the

1    Complaint and each cause of action is barred on the ground that Complaining Party's dealings were

2    with independent contractors and Complaining Party's exclusive remedy is against those individuals

3    or entities.

4                                        **PRAYER FOR RELIEF**

5    WHEREFORE, Responding Party prays for trial by jury and judgment as follows:

6         1.   Complaining Party take nothing by way of its Complaint.

7         2.   Responding Party be awarded costs of suit incurred.

8         3.   For such other and further relief as the Court deems just and proper, including attorneys fees

9    and costs according to proof.

10

11   Dated: November 29, 2016                      LOSCH & EHRLICH

12

13                                        By: _____

14                                             Joseph Ehrlich
                                               Mark R. Meyer
15                                             Attorneys for Defendant
                                               Global Exchange Vacation Club
16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE
(C.C.P. §§ 1013a, 2015.5)

2

3        I, the undersigned, declare:

4        I am employed in the City and County of San Francisco.  I am over the age of eighteen (18)
and not a party to the within cause.  My business address is 425 California Street, Suite 2025, San

5    Francisco, California, 94104.

6        On November 29, 2016, I served the attached document(s):

7        **ANSWER TO FIRST AMENDED COMPLAINT**

8    On the party(s) to this action by sending a true copy thereof, addressed as follows:

9    / X /    (BY MAIL) I caused such envelope(s), with postage thereon fully prepaid, on the date of
              execution of this declaration, to be placed for collection and mailing in the U.S. Postal
10             Service following ordinary business practices.  I am readily familiar with these said business
              practices for collection and processing of documents for mailing and said document(s)
11             was/were deposited with the U.S. Postal Service the same day in the ordinary course of
              business in San Francisco, San Francisco County, California.

12

13   / X /    (BY E-MAIL) I caused such documents to be delivered by e-mail to the addressee(s) as
              noted below:

14
             R. Rex Parris, Esq.                    R. Rex Parris, Esq.
15            John Bickford, Esq.                    rrparris@parrislawyers.com
             Kitty Szeto, Esq.
16            Eric Wilson, Esq.                      John Bickford, Esq.
             PARRIS LAW FIRM                         jbickford@parrislawyers.com
17            43364 10th Street West
             Lancaster, CA 93534                     Kitty Szeto, Esq.
18                                                   kszeto@parrislawyers.com

19                                                   Eric Wilson, Esq.
                                                    ewilson@parrislawyers.com
20
         I declare under penalty of perjury, under the laws of the State of California, that the
21   foregoing is true and correct.  Executed on November 29, 2016, at San Francisco, California.

22

23                                                  Venna Louie

24

25

26

27

28

# Exhibit C

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Michele Del Valle

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Global Echange Vacation Club; Global Exchange Marketing Corp.; Global Exchange Development Corp.; and Resort Vacations, Inc.

**(b) County of Residence of First Listed Plaintiff** Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Parris Law Firm, 43364 10th Street West, Lancaster CA 93534, 661-949-2595

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Losch & Ehrlich, 425 California St., Suite 2025, 415-956-8400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding ☒ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multidistrict Litigation - Transfer ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

47 USC 277

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:

CV-71 (07/16)   CIVIL COVER SHEET   Page 1 of 3

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☐ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☒ Yes  ☐ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E,  below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E,  below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☐ No |

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
                                                                                    ☒ NO    ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐  A. Arise from the same or a closely related transaction, happening, or event;

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐  A. Arise from the same or a closely related transaction, happening, or event;

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _____    DATE: 12-2- 2016

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# Exhibit D

1  JOSEPH EHRLICH - #84359
   MARK R. MEYER - #238231
2  Losch & Ehrlich - Attorneys at Law
   425 California Street, Suite 2025
3  San Francisco CA 94104
   Telephone:    (415) 956-8400
4  Facsimile:    (415) 956-2150
   Email:        je@losch-ehrlich.com
5                mm@losch-ehrlich.com

6  Attorneys for Defendants
   Resort Vacations, Inc.;
7  Global Exchange Marketing Corp.;
   Global Exchange Development Corp.; and
8  Global Exchange Vacation Club.

9
                    FEDERAL DISTRICT COURT
10
             FOR THE CENTRAL DISTRCT OF CALIFORNIA
11

12
   MICHELE DEL VALLE, on behalf of herself and    Case No. 30-2014-00745279-CU-MC-CXC
13 all others similarly situated,

14              Plaintiffs,                        **NOTICE OF INTERESTED PARTIES**

15       v.                                        Complaint Filed:    September 15, 2014

16 GLOBAL EXCHANGE VACATION CLUB, a
17 California corporation;
   RESORT VACATIONS, INC., a Nevada
18 corporation;
   GLOBAL VACATIONS MARKETING CORP., a
19 Nevada corporation;
   GLOBAL EXCHANGE DEVELOPMENT
20 CORP., a Nevada corporation,
21 and DOES 1 through 100, inclusive,

22              Defendants.

23

24       The undersigned, counsel of record for Resort Vacations, Inc.; Global Exchange Marketing

25 Corp.; Global Exchange Development Corp.; and Global Exchange Vacation Club., certifies that the

26 following listed party (or parties), including persons, associations of persons, firms, partnerships,

27 and corporations (including parent corporations, clearly identified as such) may have a pecuniary

28 interest in the outcome of the case may have a pecuniary interest in the outcome of this case. These

---

*Del Valle v. Global Exchange Vacation Club, et al.*                                    1
Notice of Interested Parties

1    representations are made to enable the Court to evaluate possible disqualification or recusal.

2          Resort Vacations, Inc.;

3          Global Exchange Marketing Corp.;

4          Global Exchange Development Corp.;

5          Global Exchange Vacation Club

6          Richard Sargent;

7          Marking Solutions, International

8          InterVoice Technologies

9

10   Dated: December 2, 2016                    LOSCH & EHRLICH

11

12                                       By:
                                             Joseph Ehrlich
13                                           Mark R. Meyer
                                             Attorneys of record for Defendants
14                                           Resort Vacations, Inc.;
                                             Global Exchange Marketing Corp.;
15                                           Global Exchange Development Corp.; and
                                             Global Exchange Vacation Club.
16

17

18

19

20

21

22

23

24

25

26

27

28