JOSEPH EHRLICH - #84359
MARK R. MEYER - #238231
Losch & Ehrlich - Attorneys at Law
425 California Street, Suite 2025
San Francisco CA 94104
Telephone:     (415) 956-8400
Facsimile:     (415) 956-2150
Email:         je@losch-ehrlich.com
               mm@losch-ehrlich.com

Attorneys for Defendants
Resort Vacations, Inc.;
Global Exchange Marketing Corp.;
Global Exchange Development Corp.; and
Global Exchange Vacation Club.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRCT OF CALIFORNIA
SOUTHERN DISTRICT

| | |
|---|---|
| MICHELE DEL VALLE,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL EXCHANGE VACATION CLUB;<br>RESORT VACATIONS, INC.;<br>GLOBAL VACATIONS MARKETING CORP.;<br>GLOBAL EXCHANGE DEVELOPMENT CORP.;<br>and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.<br>8:16-cv-02149-DOC (JCGx)<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION;**<br><br>**DECLARATION OF RICHARD SARGENT IN SUPPORT OF OPPOSITION**<br><br>Date:        January 9, 2017<br>Time:        8:30 a.m.<br>Courtroom:   9C<br>Judge:       David O. Carter |

//
//
//
//
//
//

Case No. 8:16-cv-02149-DOC (JCGx); *Del Valle v. Global Exchange Vacation Club. Et al.*
Opp. To Mtn. for Class Certification – Sargent Dec

1

# DECLARATION

I, Richard D. Sargent, declare:

1. Except for matters asserted on information and belief, which I am informed and believe to be true, I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently to the facts set forth herein.

**Global Exchange Vacation Club**

2. I am the elected President and on the Board of Directors of Defendant Global Exchange Vacation Club ("GEVC"). I am not the owner of GEVC.

3. Global Exchange Vacation Club is a not-for-profit California homeowners association. It holds title to the property for its members. GEVC is responsible for the management of the property.

4. The members are responsible for electing the owners' association board and paying owners' fees. The board then contracts for the management and maintenance of the properties.

5. GEVC is not involved in marketing.

6. Global Exchange Vacation Club does not make telemarketing calls.

7. Global Exchange Vacation Club does not employ or contract with anyone to make telemarketing calls.

8. Members of GEVC may assign or sell their membership interests in GEVC to others.

**Global Exchange Development Corp.**

9. Global Exchange Development Corp. is the developer of the Global Exchange Vacation Club.

10. Global Exchange Development Corp. developed GEVC by acquiring rights in various resort accommodations and then dedicated the property to GEVC.

11. Global Exchange Development Corp. sells its own membership interests in GEVC.

12. Purchasers of GEVC Membership purchase "Points" that can be applied to use of accommodations at the different resorts.

13. In order to sell its membership interests, Global Exchange Development Corp. entered a contract with Resort Vacations, Inc. (RVI) to market and sell the membership interests.

Case No. 8:16-cv-02149-DOC (JCGx); *Del Valle v. Global Exchange Vacation Club. Et al.*  
Opp. To Mtn. for Class Certification – Sargent Dec

2

**Resort Vacations, Inc. sells Memberships in GEVC**

14. I am also the President of Resort Vacations, Inc. dba Travel Media ("RVI"), which markets and sells Memberships and Points in GEVC for Global Exchange Development Corp.

15. Although I am involved in each, RVI, Global Exchange Development Corp., and GEVC are each separate business entities.

16. RVI does not own and is not owned by Global Exchange Development Corp.

17. RVI does not own and is not owned by Global Exchange Vacation Club.

18. RVI does not have any contracts with Global Exchange Vacation Club.

19. RVI's contract is with Global Exchange Development Corp. to sell its interests in the Global Exchange Vacation Club.

**Resort Vacations, Inc. make marketing calls after obtaining express consent.**

20. As president of RVI, I am familiar with its business operation and how it markets Global Exchange Development Corp.'s interests in GEVC.

21. RVI sells memberships at scheduled sales presentations at sales centers.

22. Potential customers are scheduled to attend a sales presentation in which RVI's employees describe the benefits of becoming a member and purchasing points.

23. In exchange for attending the presentation, RVI often offers prospective clients a reward or prize.

24. RVI schedules presentations by making phone calls to prospective customers.

25. When RVI makes calls, employees use the name "Travel Media"

26. RVI obtains prior written consent before calling *any* prospective customers. RVI obtains contact information at public venues when people sign up for prize give-a-ways using a touch screen device. At the time they sign up, the prospective customer affirmatively agrees to receive promotional calls from RVI.

**Resort Vacations, Inc. contracts with independent companies to schedule sales presentations.**

27. RVI also contracts with several different independent companies to schedule individuals for attending sales presentations. RVI pays contractors for each qualified person who they arrange to attend a presentation.

Case No. 8:16-cv-02149-DOC (JCGx); *Del Valle v. Global Exchange Vacation Club. Et al.*
Opp. To Mtn. for Class Certification – Sargent Dec

3

28. I am personally involved in these contracts and have knowledge regarding the contractors.

29. RVI does not own or share ownership with the independent contractors.

30. Some contractors make phone calls to schedule tours with prospective customers. Other contractors attempt to schedule tours in-person at public events. For example, a contractor may set up a booth at a fair and convince people who enjoy travel and vacation that learning about becoming a member of the Global Exchange Vacation Club may be worth their time.

31. While I am generally aware of how each contractor goes about attempting to schedule tours, RVI does not direct any contractors as to whether they should call people, or talk to them in-person. RVI does not direct contractors on who they should call, when they should call, the number of persons to call, or what equipment to use.

32. RVI does not provide lists of phone numbers to call and cannot control what equipment a contractor uses.

33. RVI does not allow or authorize contractors to use the trade name that RVI uses when it makes calls (Travel Media)

34. The contractors are independent companies. RVI does not own the contractors or share ownership with the contractors.

35. RVI's agreements with contractors state that the contractors must comply with all laws, but RVI does not have the power or ability to monitor or control the manner and means by which the contractors perform the contract.

36. The contractors have no authority to execute contracts on behalf of RVI. Contractors are paid for each qualified appointment at an RVI sales center.

37. I have been involved in the timeshare industry for many years. Over this time, I am familiar with the companies involved in the industry and the marketing efforts. The marketing efforts of competitors are very similar to those of RVI. Other timeshares market with phone calls. Other timeshares offer gifts or prizes for potential customers to attend a sales presentation. Based upon my long experience in the industry, many of the marketing efforts and phone calls sound similar.

//

Case No. 8:16-cv-02149-DOC (JCGx); *Del Valle v. Global Exchange Vacation Club. Et al.*
Opp. To Mtn. for Class Certification – Sargent Dec

4

**Contractors call for other companies, including other timeshare companies.**

38. I know that the contractors RVI works with—including Marketing Solutions, International and InterVoice Technologies—also make calls for other businesses, both inside and outside the timeshare industry.

39. Two contractors that RVI has worked with are InterVoice Technologies ("IVT") and Marketing Solutions ("MSI"). These contractors are independent companies that are not under the control and direction of RVI.

40. RVI has asked MSI and IVT to use a unique name when making any phone calls, "Sunset Vacations" and "Celebration Vacations." These are names that are not used by any of the defendants or any other contractor. Using these names allows RVI to track the source of prospective customers or complaints.

41. I do not have any control or access over the phone records of MSI or IVT. After the initiation of this litigation, I requested that MSI and IVT to state what equipment they use to make calls and to provide the "Caller ID" information they used. I provided this information to Plaintiff in this action in response to discovery requests, but have no personal knowledge regarding the equipment or telephone numbers. Prior to the suit being filed, I did not know what phone numbers MSI or IVT were calling from or what equipment they were using.

**Plaintiff signed up to receive phone calls from RVI, but was not called and did not attend a sales presentation.**

42. RVI's business records show that Plaintiff Ms. Del Valle provided her name and phone number to RVI on or about September 28, 2014, at a Gordon Lightfoot concert in Anaheim, CA at the City National Grove of Anaheim using a touch screen device. Each person who provides their name agrees to be called by RVI.

43. A paper slip was created for Michele Del Valle after she provided her phone number to be called on September 28, 2014. At that time, RVI printed out paper leads, that RVI's employee then physically dialed from phones in a call room.

44. Based upon RVI's records, I understand that she was not actually called. Just before she was called, RVI received a copy of the complaint.

45. At no time has RVI used a dialing system that randomly or sequentially generates numbers. RVI does not use a predictive dialer. Each call is initiated by a single telephone operator who then waits for the person called to answer. Individual phones calls are placed one at a time. The current phone system operates using a custom-built application that does not allow for calling automatically and no automated or predictive dialing feature can be added or "turned-on," even if RVI wished to have these functions.

46. After the initiation of this litigation, RVI has searched its records for any telephone calls to Plaintiff and has not found any.

47. RVI keeps records on each phone call it makes and each person who attends a sales presentation.

48. I directed RVI employees to search the records for the Plaintiffs name and all of the phone numbers plaintiff has listed in her discovery.

49. We have found no records of Plaintiff ever being called by RVI.

50. Similarly, there is no record of Plaintiff ever attending a presentation at a RVI sales center. We have searched based upon all of the phone numbers she identified and her name.

51. I understand that Plaintiff has claimed that after receiving the unwanted phone calls at issue in this litigation, she attended a timeshare presentation by driving to Ontario, California in 2014. RVI did not have any sales centers in Ontario, California in 2014. There is no way

//
//
//
//
//
//
//
//
//
//

Case No. 8:16-cv-02149-DOC (JCGx); *Del Valle v. Global Exchange Vacation Club. Et al.*  
Opp. To Mtn. for Class Certification – Sargent Dec

6

she could have attended an RVI presentation in that city in 2014.

52.  None of the defendants are able to determine which phone calls made by MSI or IVT were made in connection with scheduling sales presentations for RVI as opposed to making calls related to other businesses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  December 19, 2016

By: Richard D. Sargent

Case No. 8:16-cv-02149; *Del Valle v. Global Exchange Vacation Club, et al.*
Opp. to Mtn. for Class Certification – Sargent Dec.

7

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco. I am over the age of eighteen (18) and not a party to the within cause. My business address is 425 California Street, Suite 2025, San Francisco, California, 94104.

On December 19, 2016, I served the attached document(s):

**DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION; DECLARATION OF RICHARD SARGENT IN SUPPORT OF OPPOSITION**

On the party(s) to this action by sending a true copy thereof, addressed as follows:

/ X /   (BY ELECTRONIC SERVICE) The documents were served electronically by filing via the Court's CM/ECF electronic filing system.

| | |
|---|---|
| R. Rex Parris, Esq.<br>John Bickford, Esq.<br>Kitty Szeto, Esq.<br>Eric Wilson, Esq.<br>PARRIS LAW FIRM<br>43364 10th Street West<br>Lancaster, CA 93534 | R. Rex Parris, Esq.<br>rrparris@parrislawyers.com<br><br>John Bickford, Esq.<br>jbickford@parrislawyers.com<br><br>Kitty Szeto, Esq.<br>kszeto@parrislawyers.com<br><br>Eric Wilson, Esq.<br>ewilson@parrislawyers.com |

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Executed on December 19, 2016, at San Francisco, California.

_____
Chia-Hui Sze

Case No. 8:16-cv-02149-DOC (JCGx); *Del Valle v. Global Exchange Vacation Club. Et al.*
Opp. To Mtn. for Class Certification – Sargent Dec

8